PER CURIAM.
Michael Madry was convicted in a trial by jury of a number of felonies and sentenced.
Madry then filed a motion for post conviction relief under Florida Rule of Criminal Procedure 3.850 alleging ineffectiveness of trial counsel. This motion was summarily denied without an evidentiary *919 hearing. Madry appeals. We reverse and remand with instructions to conduct an evi-dentiary hearing upon Madry’s claim of ineffective assistance of counsel.
Madry’s motion for post-conviction relief was based on these grounds:
1. Trial counsel refused to allow appellant to testify on his own behalf in his defense.
2. Trial counsel told appellant he had no right to represent himself.
3. Trial counsel failed to move to dismiss the “invalid” information (appellant claims that the Assistant State Attorney had no authority to sign said information, thus making it invalid).
4. The trial counsel failed to object to an all-white jury.
In our opinion sufficient grounds were presented as to merit an evidentiary hearing. Moreover, the State’s response did not meet or refute Madry’s allegations and there were no attachments to the denial order showing that Madry was entitled to no relief.
We reverse and remand for further proceedings consistent herewith.
REVERSED AND REMANDED.
LETTS, WALDEN and GUNTHER, JJ., concur.